IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICK HULSTEIN, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **and** |
| SCHMIDT TRANSPORTATION, INC. | ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, Rick Hulstein, by and through his attorney, states and alleges the following:

## INTRODUCTION

1. This is an action is authorized under the American with Disabilities Act, 42 U.S. Code § 12101 as amended by the ADA Amendments Act of 2008, and Section 48-1104 and 48-1114 (1) of the Nebraska Fair Employment Practice Act.

## VENUE AND JURISDICTION

2. Plaintiff Rick Hulstein is and was at all material times a resident of LaVista, Sarpy County, Nebraska, 68124.

3. Defendant OFC Schmidt Liquid Trucking is a Nebraska Corporation with its corporate headquarters located at 108 East Bay Road, Plattsmouth, Nebraska, 68048 Defendants does business and also owns a location in Omaha, Douglas County, Nebraska.

1

4. On or about March 7, 2016, less than 90 days prior to the filing of this complaint, the Plaintiff received a determination and right to sue from the Nebraska Equal Opportunity Commission.

5. That Plaintiff is awaiting the right to sue letter from the EEOC, but anticipates that the same shall be received prior to the trial of this matter.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343, and 1345. This Court has supplemental jurisdiction under U.S.C. § 1367(a) over the Plaintiff's state law claims.

7. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nebraska.

## FACTUAL BACKGROUND

8. Plaintiff began his employment with OFC Schmidt Liquid Trucking on March 10, 2014 as a truck driver.

9. On or about November 11, 2014, Plaintiff was hospitalized while on the road performing job duties in Arkansas.

10. Plaintiff was diagnosed with severe anemia and returned to Nebraska for further medical treatment.

11. Plaintiff continually kept the Defendant informed of his medical condition.

12. On or about November 17, 2014, Rick met with his general manager Dave Blouser (hereinafter "Blouser").

13. Plaintiff informed Blouser of his severe anemia and potential diagnosis of cancer. Plaintiff requested an accommodation of continued medical leave until his

next doctor's appointment on November 24, 2014, a transfer to a local driving positions or any other light duty positions if he was released to light duty by his physician during the course of his medical treatment.

14. Blouser initially said the Defendant would accommodate Plaintiff's request of medical leave throughout his medical treatment and continue to pay health insurance. Blouser informed Plaintiff that Plaintiff could pay the company back after his treatment for the health insurance premiums.

15. On or about November 19, 2014, Plaintiff called his general manager and informed him that his cancer diagnosis had been confirmed.

16. On or about November 24, 2014, Plaintiff saws his physician and obtained a work release note to return to local driving positions or office work only.

17. Plaintiff immediately reported in person to his employer following his doctor's appointment. Plaintiff met with Jason Eisenman (hereinafter "Eisenman"), safety director, who informed Plaintiff that he was terminated.

18. Eisenman stated that he was terminating Plaintiff because Eisenman thought Plaintiff would be better off if he applied for state assistance and unemployment during his cancer treatment.

19. Plaintiff never received a reprimand and received positive feedback from his supervisors regarding his performance.

## COUNT I

## DISCRIMINATION AND RETALIATION UNDER AMERICANS WITH DISABILITIES ACT

20. Plaintiff repleads paragraph 1 through 20 as fully set forth herein.

21. Defendant is and was at all times material an "employer" within the meaning of the Americans with Disabilities Act.

22. Plaintiff's disability of multiple myeloma limited his body's normal cell growth and substantially interference with Plaintiff's ability to work, concentrate, and think.

23. Plaintiff is and was disabled within the meaning of the ADAAA because of his cancer.

24. Plaintiff is and was able to perform the essential functions of his job with or without reasonable accommodation.

25. Defendant failed to accommodate Plaintiff's disability in violation of the ADAAA.

26. Defendant failed to engage in good faith in an interactive process with Plaintiff to assist him in accommodating his disability in violation of the ADA and retaliated against him for exercising his rights to request a reasonable accommodation of medical leave, light duty work, or transfer to a vacant position.

27. Defendant discriminated against Plaintiff.

28. Plaintiff's disability was a motivating factor in such discrimination.

29. Plaintiff's protected activity was a motivating factor in Defendant's retaliation and termination.

30. Defendant, by its representatives' actions, willfully, maliciously, and intentionally, with reckless indifference to the right of Plaintiff, discriminated

against Plaintiff in violation of the "Americans With Disabilities Act," 42 U.S.C. §12112, and by doing so are subject to punitive damages.

31. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear; embarrassment; lost enjoyment of life; lost wages; benefits; and other emolument of employment

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for appropriate equitable relief, for punitive damages, for interest as allowed by law, for attorney's fees, for the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Americans with Disabilities Act.

## COUNT II

### DISCRIMINATION AND RETALIATION

### NEBRASKA FAIR EMPLOYMENT PRACTICES ACT

32. Plaintiff repleads paragraphs 1 through 32 as if fully set forth herein.

33. Plaintiff was also disabled within the meaning of the Nebraska Fair Employment Practices Act.

34. Defendant is and was at all times material an "employer" within the meaning of the Nebraska Fair Employment Practices Act.

35. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

36. Defendant failed to accommodate Plaintiff's disability in violation of the Nebraska Fair Employment Practices Act.

37. Defendant failed to engage in good faith in an interactive process with Plaintiff to assist him in accommodating his disability in violation of the FEPA and retaliated against him for exercising his rights to request a reasonable accommodation of unpaid leave.

38. Defendant discriminated against Plaintiff.

39. Plaintiff's disability was a motivating factor in Defendant's discrimination against him.

40. Plaintiff's protected activity was a motivating factor in Defendant's retaliation against him.

41. Defendant, by its representatives' actions, willfully, maliciously, and intentionally, with reckless indifference to the rights of Plaintiff, discriminated against Plaintiff in violation of the Nebraska Fair Employment Practices Act and by doing so are subject to punitive damages.

42. As a result of Defendant's representatives' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages; benefits; and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for appropriate equitable relief, for punitive damages, for interest as allowed by law, for

attorney's fees, for the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Nebraska Fair Employment Practices Act.

## JURY DEMAND

COMES NOW the Plaintiff, through his attorneys, and hereby requests a trial by jury in Douglas County, Nebraska.

Dated this 1st day of June, 2016.

Rick Hulstein, Plaintiff

BY: *Kelly K. Brandon*
Kelly K. Brandon, #20734
Fiedler & Timmer, P.L.L.C.
20615 Highway 370
Gretna, NE 68028
(402) 316-3060
(402) 513-6501 (facsimile)
kelly@employmentlawnebraska.com
Attorneys for Plaintiff